**COMMISSIONER OF INTERNAL REVENUE v. UNITED STATES GUARANTEE CO.**

No. 195, Docket 21598.

United States Court of Appeals Second Circuit.

Argued April 11, 1951.

Decided June 20, 1951.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson and Harry Marselli, Special Assts. to the Atty. Gen., for petitioner.

John S. Breckinridge, New York City, for respondent.

Before SWAN, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The issues now before us are, as the parties agree, the same in principle as those considered in Commissioner of Internal Revenue v. General Reinsurance Corporation, 2 Cir., 190 F.2d 148, the opinion in which is handed down herewith. They are, whether in computing the net taxable income of the respondent for 1942 the so-called "Convention Form" should be followed precisely in computing the amount deductible from gross income for "losses incurred," and whether it should be followed in the same way in computing the allowable deductions for "losses incurred" for the years 1936 to 1939 inclusive in determining the amount of the base-period excess profits credit to which the respondent is entitled in the computation of its excess profits tax for 1942.

The respondent, a New York corporation, is an insurance company having its principal office in the City of New York and is taxable in accordance with the provisions of § 204 of the Internal Revenue Code, 26 U.S.C.A. § 204. It followed the "Convention Form" strictly in reporting its regular and excess profits tax income for 1942, with the result that, in computing the credit allowable for "losses incurred" under subdivision (6) of sec. 204 (b), it included an amount for unpaid losses determined, in accordance with the regulations of the Insurance Department of New York, on the so-called "statutory basis" method. This method requires that unpaid liability and workmen's compensation losses be returned at the higher of two figures: the actual total estimated liability on all outstanding claims, called the "case-method" figure, or such an estimate adjusted by the addition of certain fixed percentages of premiums earned on such risks less losses and expenses paid. The Commissioner determined a deficiency in the respondent's excess profits taxes for that year by computing unpaid losses on the "case method," that is, by employing the actual appraisals of the claims, in accordance with the provision of Treasury Regulations, 111, Sec. 29.204–2, that "In computing 'losses incurred' the determination of unpaid losses at the close of each year

must represent actual unpaid losses as nearly as it is possible to acertain them." The decision of the Tax Court expunging the deficiency was in accord with its decision in Commissioner v. General Reinsurance Corporation, supra, and for the reasons stated in our opinion in that case we think it should be reversed.

Decision reversed and cause remanded with directions to reinstate the deficiency.